UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARNELL DONALDSON,
Petitioner,

-v-

5:08-CV-00438 (NPM)
5:92-CR-00051 (NPM)

UNITED STATES OF AMERICA,

Respondent.

---

APPEARANCES: OF COUNSEL:

CARNELL DONALDSON,
Petitioner, Pro Se
04420-052
Federal Correctional Center
P.O. Box 1032
Coleman, FL 33521-1032

OFFICE of the U. S. ATTORNEY — GRANT C. JAQUITH, ESQ., AUSA
Attorney for Respondent
445 Broadway, Room 218
James T. Foley U.S. Courthouse
Albany, N.Y. 12207-2924

NEAL P. McCURN, Senior District Court Judge

MEMORANDUM-DECISION AND ORDER

The court assumes familiarity with the underlying criminal action in this case. Petitioner has filed three prior motions for relief under 28 U.S.C. § 2255, which were filed on June 28, 2001, August 15, 2003 and May 24, 2005. Currently

before the court is petitioner's fourth motion for relief pursuant to § 2255 filed on April 21, 2008 (Doc. No. 331), designated by petitioner as a motion "to correct an illegal sentence," and petitioner's motion for a finding of civil contempt against the respondent (Doc. No. 334). For the reasons set forth below, the motions will be denied in their entirety.

## I. BACKGROUND

On August 6, 2002, this court addressed petitioner's first § 2255 motion in which petitioner asked the court to vacate and set aside his 400 month sentence based on the Supreme Court decisions in Richardson v. United States,[1] 526 U.S. 813, 119 S.Ct. 1707 (1999) and Apprendi v. New Jersey,[2] 530 U.S. 466, 120 S.Ct. 2348 (2000). This court concluded that petitioner's § 2255 motion was time-barred, but even if the motion was timely, petitioner's Apprendi and Richardson claims lacked merit. Specifically, the court found that Apprendi did not help

---

[1] In Richardson, the Supreme Court addressed the meaning of the phrase "series of violations" addressed in 21 U.S.C. § 848, which stated that "a person engages in a continuing criminal enterprise if (1) he violates any provision of this sub-chapter or sub-chapter II of this chapter the punishment for which is a felony, and (2) such violation is a part of a continuing series of violations of this sub-chapter or sub-chapter II of this chapter...." Donaldson, 2002 WL 1839213 at *4.

[2] In Apprendi, the Supreme Court held that any factor that increases the penalty for a crime beyond the prescribed statutory maximum is an element of the offense rather than a mere sentencing factor and, as such, must be submitted to the jury and proven beyond a reasonable doubt. See Apprendi, 530 U.S. at 489-490.

petitioner because his sentence is within the statutory limits. In addition, even if Apprendi applied in the instant case, this court analyzed and determined that Apprendi is not retroactively applicable to cases on collateral review. Donaldson v. U.S., 2002 WL 1839213 at * 3 (N.D.N.Y. 2002). Petitioner also argued that the court's failure to instruct the jury to unanimously find each of the three predicate acts that make up a continuing criminal enterprise [CCE] offense rendered his conviction invalid. The court held that, based on the facts of this case, the failure to give said instruction was harmless error. Id. at *5.

On October 27, 2003, the court addressed petitioner's second § 2255 motion in which petitioner asked the court to dismiss his indictment, arguing, inter alia, ineffective assistance of counsel. In its decision, the court stated that "[a]lthough [petitioner's motion is] not the model of clarity, evidently on this motion Donaldson is arguing ineffective assistance of counsel, as well as arguing that the indictment was defective because it charged him with both a drug conspiracy and a CCE, resulting in a violation of the double jeopardy clause. In his reply memorandum, Donaldson's declares that this 'motion to dismiss [the] indictment [is] not a[ ] 28 u.s.c. sec. 2255' petition." Donaldson v. U.S., 2003 WL 22959502 at * 3 (N.D.N.Y. 2003). The court held that petitioner's motion was in fact a "second or successive" application for post-conviction relief under AEDPA, in

combination with the fact that petitioner had not first obtained a certificate of appealability from the Court of Appeals. The court found that it was without jurisdiction to consider petitioner's motion and transferred same to the Second Circuit Court of Appeals. The court also held that petitioner was not entitled to relief on his claim of ineffective assistance of counsel. Id. at * 4. The court of appeals held that "[u]pon due consideration, it is ORDERED that the motions are denied because petitioner`s claims are not based on 'newly di[s]covered evidence' or a 'new rule of constitutional law,' see 28 U.S.C. Sect. 2244(b)(2)." Donaldson v. United States, Case No. 03-3635 (2d Cir. 2004).

On December 15, 2005, the court addressed petitioner's third § 2255 motion in which petitioner raised the same claims as in the first two petitions, set forth supra, and added a claim pursuant to United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme court held that, inter alia, the Sentencing Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of facts (other than the fact of a prior conviction) made by the judge. (see Donaldson v. U.S., Case No. 5:05-cv-0065, Memorandum-Decision and Order, Doc. No. 5). Relying on Booker, petitioner argued that his sentence was unconstitutional. This court followed the Second Circuit and "every other Court

of Appeals to consider Booker's retroactivity" ... and held that Booker "is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued." Case No. 5:05-cv-00654, Doc. No. 5 (citing Guzman v. U.S., 404 F.3d 139, 141 (2d Cir. 2005)) The court noted that petitioner's conviction was final on or before September 26, 1993, the approximate date by which he had to petition for certiorari after the Second Circuit affirmed his conviction. Despite the government's request that petitioner's motion be transferred to the Second Circuit, this court found that insofar as the petition was based on Booker, and because it presented a pure question of law as to which there was no longer any doubt, the court did not grant a certificate of appealability. Case No. 5:05-cv-00654, Doc. No. 5, pp. 4-5.

In petitioner's fourth § 2255 motion currently before the court, which he contends is a motion "to correct an illegal sentence," petitioner apparently challenges the $450 aggregate special assessment imposed, and again argues that he should be "resentenced correctly" in light of Booker, Blakely v. Washington,[3]

---

[3] In Blakely, the Supreme Court held that the state trial court's sentencing of defendant to more than three years above the 53-month statutory maximum of the standard range for his offense, on basis of sentencing judge's finding that defendant acted with deliberate cruelty, violated defendant's Sixth Amendment right to trial by jury.

542 U.S. 296 (2004), and Apprendi. Case No. 5:92-cr-00051, Doc. No. 331.

## II. DISCUSSION

Section 2255 of Title 28 of the United States Code sets forth the guidelines for remedies on a motion attacking a federal sentence. Section 2255 states in pertinent part that

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

> (c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
>
> (d) An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus
>
> . . .
>
> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ...
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> . . .
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 (West 2009).

In addition to the framework set forth in § 2255, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254, "imposes stringent limits on a prisoner's ability to bring a second or successive

application for a writ of habeas corpus." Torres v. Senkowski, 316 F.3d 147, 150 (2d Cir. 2003) (internal quotations omitted) (citing Adams v. United States, 155 F.3d 582, 583 (2d Cir.1998) (per curiam). "AEDPA's gatekeeping provisions require that second and successive § 2254 applications be dismissed unless the claim relies on a new rule of constitutional law, made retroactive by the Supreme Court ...." Id., citing 28 U.S.C. § 2244(b)(2)(A).

In its decision on petitioner's third § 2255 motion, this court stated that at some point there must be finality, and petitioner had reached that point. With the instant motion, petitioner has pushed beyond that point. To be sure, he raises the additional argument that his special assessment should be limited to $50, instead of the aggregate special assessment of $450 based on nine counts. Although the court need not address this issue due to its finding of a second and successive motion, courts in this country and in this circuit have overwhelmingly held that the imposition of a special assessment is to be made on each offense of conviction.[4] Section 3013 of Title 18 of the U.S. Code states in pertinent part that "(a) the court

[4] See, e.g., U.S. v. Pagan, 785 F.2d 378 (2d Cir. 1986); U.S. v. Luongo, (1st Cir. 1993) (The court of appeals affirmed a lower court ruling that a special assessment of $50 be made on each of 57 counts of wire fraud to which defendant pleaded guilty). See also U.S. v. Rojas, 2000 WL 1028681 (S.D.N.Y. 2000) (In its original order, court left open the assessment of $1300 for conviction on thirteen felony counts. Despite finding that the $1300 assessment was **mandatory**, the court reduced the assessment to $100 based on the defendant's cooperation with the government) (emphasis added).

shall assess on any person convicted of an offense against the United States ... (2) in the case of a felony -- (A) the amount of $100 if the defendant is an individual ...” 18 U.S.C. § 3013 (West 2009) (At the time of petitioner’s conviction, the special assessment amount was $50). As previously stated, the courts have interpreted § 3013 to mandate that the special assessment be imposed on each count to which the defendant is convicted or to which the defendant pleads guilty. Accordingly, even if the court were to consider the issue of petitioner’s special assessment complaint, petitioner would fail on the merits of his argument.

Finally, petitioner moves this court to find respondent in contempt for failure of respondent to comply with this court’s scheduling order of August 4, 2008 (Doc. No. 333). In a letter dated December 22, 2008 (Doc. No. 335-2), respondent apologized for the delay in responding to petitioner’s fourth motion, and requested that its reply be accepted out of time, stating that the motion was not delivered to the appropriate party as cause for the delay. Respondent argues that petitioner was not prejudiced by the delay as his motion is barred by § 2255 as a successive motion, and also barred because the motion is without merit. For the reasons stated above, the court concurs.

## III. CONCLUSION

For the reasons set forth supra, the court finds that the petition before the

court is a second and successive motion which has not been certified by the Second Circuit, and accordingly, hereby DENIES petitioner's motion for relief pursuant to 28 U.S.C. 2255. The court also DENIES as MOOT petitioner's motion for a finding of contempt against the respondent. The Clerk is instructed to close this case.

SO ORDERED.

April 30, 2009

Neal P. McCurn
Senior U.S. District Judge